IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEANDRE JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-23-969 |
| IVAN BATES, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Deandre Jackson, a Maryland inmate, has filed this malicious prosecution and false imprisonment suit against Baltimore City State's Attorney, Ivan Bates, and former Baltimore Police Department Commissioner, Michael Harrison. ECF No. 1. Defendants move to dismiss the Complaint for failure to state a claim. ECF Nos. 8, 12. The matter is now ripe for review, with no need for a hearing.[1] *See* Loc. R. 105.6. For the following reasons, the Court grants Defendants' motions.

### I.   Background

The Court accepts the Complaint facts as true and construes them most favorably to Jackson. On November 31, 2021, Jackson was driving in Northeast Baltimore City when he noticed a marked Baltimore City Police car in his rearview mirror. ECF No. 1 at 2. Jackson proceeded to his friend's house. *Id.* at 2-3. After he parked and started walking toward the house, Jackson saw a vehicle that he did not recognize heading towards him. *Id.* at 3. Considering the high crime rate in Baltimore City, Jackson grew afraid and so he started running in the opposite direction. *Id.* Unbeknownst to him at the time, the vehicle was an unmarked police car. The

---

[1] The Court notified Jackson of his right to respond to Defendants' motions, and he responded only to Bates' motion.

plain-clothes officer driving the unmarked car ultimately charged Jackson with illegal possession of a handgun and other related offenses. *Id.* Jackson was held pretrial. Over 180 days later, Jackson had his jury trial and was found not guilty. *Id.* at 4-5.

On April 7, 2023, Jackson filed suit, alleging that because Defendants lacked probable cause to arrest and prosecute him, they are liable for malicious prosecution and false imprisonment. As relief, Jackson seeks compensatory and punitive damages. *Id.* at 4-7.

## II.    Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in a light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A

2

court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III.     Discussion

At the outset, Jackson's claims against Defendants for acts taken in their official capacities must be dismissed. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from citizen suits in federal court absent consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *see* Md. Code Ann., State Gov't. § 12-101(a)(8) (a state's attorney is "State personnel"); *Bumgardner v. Taylor*, Civil Action No. RDB-18-1438, 2019 WL 1411059, at *6 (D. Md. Mar. 28, 2019) ("Maryland state law claims brought against Baltimore Police officers in their 'official capacity' are also barred by sovereign immunity."). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Accordingly, claims against Defendants for actions taken in their official capacities must be dismissed.

As for the alleged actions taken in the Defendants' individual capacities, the claims are subject to dismissal on different grounds. Bates, as the Baltimore City State's Attorney, enjoys immunity as a quasi-judicial officer when performing prosecutorial functions as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211

(4th Cir. 1997). "'Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Grant v. Maryland*, Civil Action No. PWG-17-2816, 2018 WL 1069363, at *2 (D. Md. Feb. 26, 2018) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)); *see also Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The claims against Bates squarely involve his decision as State's Attorney to prosecute Jackson, and so Bates is immune from suit. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Thus, Jackson's claims against Bates are dismissed.

The claims against Harrison fail because the Complaint does not aver any acts or omissions that Harrison took which gave rise to any constitutional violations against Jackson. To make plausible a violation of a constitutional right brought pursuant to 42 U.S.C. § 1983, the Complaint must include some acts or omissions on the part of each defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Supervisory officials cannot be held liable for the acts of their subordinates unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Because no facts allege that Harrison either directly participated in any constitutional violations, or was otherwise deliberately indifferent to his subordinates' known violations, the claims as to him are likewise dismissed.

Last, the Complaint appears to assert a violation of Jackson's Sixth Amendment right to a speedy trial, although the claim is not really directed toward either Defendant. Nonetheless, the claim fails because Maryland's statutory mandate to try a criminal defendant within 180 days does not implicate the Sixth Amendment to the United States Constitution. *Vance v. Bishop,*

Civil Action No. ELH-18-133, 2020 WL 2732075, at *9 (D. Md. May 22, 2020), *appeal dismissed and remanded on other grounds*, 827 F. App'x 333 (4th Cir. 2020); *see also State v. Hicks*, 403 A.2d 356, 36-1-62 (Md. Ct. App. 1979) (explaining that Maryland intended to provide additional statutory rights beyond the minimum threshold established by the Sixth Amendment). Accordingly, the claim fails as a matter of law.[3]

Defendants' Motions to Dismiss are granted. A separate Order follows.

| | |
|---|---|
| 11/28/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

---

[3] The Court also declines to exercise pendent jurisdiction over Jackson's state common law companion claims for false arrest and malicious prosecution. *See Melton v. Dermota*, 940 F.2d 652 (4th Cir. 1991) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).